UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE AND KIMBERLY WHITE,

                Plaintiffs,                No. 13-11636

vs.                                          Hon. Gerald E. Rosen

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INCORPORATED (MERS),

                Defendant.
_____/

ORDER DENYING PLAINTIFFS'
MOTION FOR JURISDICTION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on May 17, 2013

PRESENT:   Honorable Gerald E. Rosen
                              United States District Chief Judge

On April 18, 2013, the Court entered an Order dismissing this case for lack of federal subject matter jurisdiction. By way of a motion filed on April 26, 2013, captioned as a "Motion for Jurisdiction on Basis of Contract, Properties and Laws Pertaining to Contract Performance, Liability and Interpretation," Plaintiffs seek reconsideration of the Order and Judgment of Dismissal.

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which provides in relevant part:

Generally, and without restricting the court's discretion, the court will not

1

> grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(1), (3).

As provided in LR 7.1(h)(3), in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect.  A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain."  *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).  Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted.  L.R. 7.1(g);  *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).  Defendant's motion for reconsideration does just that -- it presents the same issues already ruled upon by the Court, either expressly or by reasonable implication.  In its April 13, 2013 Order, the Court noted that Plaintiffs' Complaint was devoid of any factual allegations establishing federal court jurisdiction.  Instead, Plaintiffs' Complaint alleged only state law contract claims.  Plaintiffs continue to assert only state law breach of contract claims in the instant "Motion for Jurisdiction."  They make no factual assertions as to the citizenship of the parties nor do they allege any violation of any provision of the United States Constitution or any federal statute.

For these reasons,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration **[Dkt. #6]** is DENIED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: May 17, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 17, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135