UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE AND KIMBERLY WHITE,

          Plaintiff,          No. 13-cv-11636

vs.          Hon. Gerald E. Rosen

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

          Defendants.
_____/

ORDER DENYING "MOTION FOR JURISDICTION PURSUANT TO
PRIVILEGE AND IMMUNITY CLAUSE OF THE 14TH AMENDMENT"

On April 9, 2013, the Court dismissed this *ifp* action for lack of federal subject matter jurisdiction. On April 26, 2013, by way of a "Motion for Jurisdiction on Basis of Contract Properties and Laws Pertaining to Contract Performance, Liability and Interpretation," Plaintiff Jesse White sought reconsideration of the dismissal order and judgment. The Court denied that "Motion for Jurisdiction" on May 17, 2013. Then, on May 29, 2013 Plaintiff filed another "Motion for Jurisdiction," asserting that jurisdiction for this action lies in § 1-203 of the Uniform Commercial Code. The Court denied that Motion on June 10, 2013. Plaintiff has now filed yet a third "Motion for Jurisdiction," this time asserting that jurisdiction for this action arises under the "Privilege and Immunity [sic] Clause of the 14th Amendment."

The presence of federal-question jurisdiction is governed by the "well-pleaded

1

complaint rule," which provides that federal jurisdiction exists ***only when a federal question is presented on the face of the plaintiff's properly pleaded complaint***. *See Gully v. First National Bank*, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97-98(1936). As the Court explained in its original order dismissing this case for lack of jurisdiction, Plaintiff's Complaint does not alleged any violation of any provision of the United States Constitution or any federal statute. Furthermore, no federal cause of action arises from the facts alleged. Plaintiff's Complaint alleges only a breach of contract claim. Plaintiff's repeated attempts to come up with some federal law that might permit him to proceed in federal court do not cure the deficiencies noted in his Complaint.

Furthermore, Plaintiff is not entitled to repeatedly seek reconsideration of the Order of Dismissal. The Local Rules provide that a motion for reconsideration "**must** be filed within 14 days of the date of the judgment or order." The instant Motion was filed more than two months after the Order of Dismissal and, hence, is untimely. Captioning it as a "Motion for Jurisdiction" does not cure the untimeliness of what is, in essence, a motion for reconsideration.

Moreover, even considering the merits of Plaintiff's Motion, it would be denied. The Privileges and Immunities Clause bars "discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States." *Toomer v. Witsell*, 334 U.S. 385, 396 (1948). There are no allegations of discrimination in Plaintiff's Complaint let alone any claims that he

was discriminated against by a citizen of another state simply because he is a citizen of the State of Michigan.

The Court has been patient with Plaintiff and has not chastised his previous frivolous "Motions for Jurisdiction," but will not condone any further such frivolous filings. Plaintiff is therefore put on notice that the Court will impose sanctions pursuant to Fed. R. Civ. P. 11 and/or 28 U.S.C. § 1927 if he files any more such frivolous motions.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's "Motion for Jurisdiction Pursuant to Privilege and Immunity Clause of 14th Amendment" **[Dkt. # 10]** is DENIED.


        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: June 27, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 27, 2013, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135