UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE AND KIMBERLY WHITE,

                Plaintiffs,                      No. 13-11636

vs.                                                  Hon. Gerald E. Rosen

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

                Defendant.
_____/

## ORDER DENYING APPLICATION TO PROCEED ON APPEAL
## *IN FORMA PAUPERIS*

On April 18, 2013, the Court dismissed this action for lack of federal subject matter jurisdiction based upon its finding that Plaintiffs' Complaint did not alleged any violation of any provision of the United States Constitution or any federal statute, and that no federal cause of action arose from the facts alleged. Rather, the Court found that Plaintiffs' Complaint alleged only a breach of contract claim. Plaintiff Jesse White thereafter made three subsequent unsuccessful attempts, by way of three separately filed "Motions for Jurisdiction," to get the Court to reconsider its decision until finally on June 27, 2013, the Court entered an Order denying Plaintiff's third such motion, captioned as a "Motion for Jurisdiction Pursuant to the Privilege and Immunity Clause of the Fourteenth Amendment," and cautioned Plaintiff that an further such frivolous motions would result in the imposition of sanctions. On July 26, 2013, Plaintiff filed a Notice of Appeal from

the June 27 Order, along with an application for leave to proceed on appeal *in forma pauperis*.

## DISCUSSION

Under 28 U.S.C. §1915(a), "an appeal may not be taken *in forma pauperis* if the [district] court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id*. The Supreme Court has further defined a "frivolous" action as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831 (1989).

As the Court explained in its June 27, 2013 Order, the Privileges and Immunities Clause bars "discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States," *Toomer v. Witsell*, 334 U.S. 385, 396 (1948). The Court pointed out that there are no allegations of discrimination in Plaintiff's Complaint let alone any claims that he was discriminated against by a citizen of another state simply because he is a citizen of the State of Michigan.

For the reasons stated in the June 27, 2013 Order, and in the Court's previous orders in this case, the Court has determined that Plaintiff's claims of federal jurisdiction are factually and legally deficient. The Court, therefore, makes the finding that Plaintiff's claims are frivolous because they lack an arguable basis in law or fact. This finding

compels the conclusion that an appeal would not be taken in good faith.

## CONCLUSION

Having determined that an appeal from the Court's June 27, 2013 Order would not be taken in good faith,

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed on Appeal *in forma pauperis* is DENIED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: August 13, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 13, 2013, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135